IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:21-CV-59-HAB-SLC |
| ROBERT M. ELSTEN,<br>ROBERT D. ELSTEN,<br>KATIE LOU ELSTEN,<br>GLOBAL PAVING, LLC,<br>JON CHARLES ISAACSON,<br>CHRISTIAN TORIBIO, and<br>MATTHEW CHRISTOPHER LUND, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

On September 28, 2021, counsel for Plaintiff filed a Stipulation of Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(ii)[1] as to Defendant Jon Charles Isaacson only. (ECF No. 64). Federal Rule of Civil Procedure 41(a) provides the terms upon which a plaintiff can voluntarily dismiss an action. Fed. R. Civ. P. 41(a). The Seventh Circuit has indicated that Rule 41(a) should be used for the limited purpose of dismissing an entire action rather than for dismissal of individual parties or piecemeal claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing an action—which is to say, the whole case.") (first quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001); then citing *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011)).

---

[1] The citation provided in the motion was Rule 41(A)(ii) which does not exist.  The proper citation, assuming Plaintiff was seeking voluntary dismissal without a court order, is Rule 41(a)(1)(A)(ii).

According to the Seventh Circuit then, Rule 41(a) is not the proper vehicle for dropping individual parties or claims. *See Taylor,* 787 F.3d at 858 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead."). If Plaintiff desires, instead, to amend the complaint under Federal Rule of Civil Procedure 15(a) to remove Jon Charles Isaacson, leave is so granted. Plaintiff has until October 19, 2021, to file an Amended Complaint.

## CONCLUSION

For the reasons stated above, the Stipulation of Dismissal as to Jon Charles Isaacson only (ECF No. 64), has no effect and will be termed as a pending motion on the Court's docket.

SO ORDERED on September 28, 2021.

                                      s/ *Holly A. Brady*
                                      JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT